GEORGE M. JACOCKS *et ux. vs.* ROBERT PATERSON.

Under Pub. Laws R. I., of 1844, an administrator's sale of the decedent's real estate within three years and six months after administration granted, under a decree of a Court of Probate, if properly authorized and conducted, rendered mortgages on the land made by an heir of the deceased within the specified period null and void.

On the petition of an administrator the Municipal Court of the City of Providence, as a Court of Probate, in 1848 decreed a sale of the decedent's land for the payment of his debts. The administrator's account allowed on the same day the decree of sale was made showed a balance in his hands ;

*Held,* that the decree was valid.

The administrator afterwards accounted to the court for the proceeds of the sale, and the court having particularly examined whether all the requirements of law relative to the sale had been complied with, specially adjudged and decreed that there had been such compliance ;

*Held,* that the decree was conclusive as against the heirs of the deceased and all claiming under them.

BILL IN EQUITY for specific performance. Heard on pleadings and proofs.

*December* 20, 1894.   PER CURIAM.   The mortgages alleged to be incumbrances on the title to the land described in the contract of purchase which the complainants seek to enforce were made by James F. Mallett, one of the heirs at law of James Fenner, deceased, within three years and six months after administration granted, and, consequently, within the period during which the land was liable to be sold by the administrator under the decree of the Municipal Court of the City of Providence for the payment of his debts.   Public Laws R. I. (1844) 239.   The Municipal Court on May 16, 1848, within the period specified, decreed the sale of the land for the payment of the debts of the deceased, and no appeal was taken from the decree of sale.   The administrator sold the land in pursuance of the decree.   The effect of the sale, therefore, if it was properly authorized and conducted, was to destroy the lien of the mortgages, assuming them to have been outstanding and unpaid at the date of the sale, and to render them null and void.

It is urged, however, on the part of the respondent that the Municipal Court had no power to decree the sale, because on May 16, 1848, the account of the administrator allowed on that date showed a balance in his hands, and further, that the decree was invalid because the terms of sale permitted by it allowed the administrator to sell partly on credit.   We do not deem the objections sufficient to invalidate the sale.   It by no means follows that because the account allowed showed a balance in the hands of the administrator that the sale of the land subsequently decreed was not necessary for the payment of the debts of the deceased. The Municipal Court had jurisdiction to hear and examine the petition of the administrator and to grant it under such restrictions and conditions as were imposed by law, or as should be imposed by itself.   Pub. Laws, R. I. (1844) 225, 226, 229, 239.[1]   Having jurisdiction, it is to be presumed

---

[1] SEC. 4.   The real estate of any deceased person shall, in all cases, stand chargeable with all the debts of such deceased, over and above what the personal estate shall be sufficient to pay as aforesaid ; nor shall the heir or devisee, within three years and six months after the probate of the will or administration

that the court satisfied itself by evidence of the necessity for the sale and made its decree accordingly. *Omnia præsumuntur rite et solemniter esse acta, donec probetur in contrarium.*

We do not deem it necessary to determine whether or not the Municipal Court had authority under that statute to decree a sale on credit ; for it does not appear that the sale was made otherwise than for cash, and it does appear that the administrator on March 13, 1849, accounted to the court for the proceeds of sale, and the court having particularly examined whether all the requisitions of law in relation to the sale had been complied with, specially adjudged and decreed that there had been such compliance. As no appeal was taken from this decree, it became binding not only on the heirs of James Fenner but on all persons claiming under them, and, consequently, on the holders of the mortgages given by said Mallett.

We are of the opinion that the complainants are entitled to a decree that the respondent perform his contract of purchase.

*Lorin M. Cook & C. Frank Parkhurst,* for complainants.
*Herbert B. Wood & William Fitch,* for respondent.

granted, encumber or aliene said estate, but the same may be sold by the executor or administrator, if necessary, as prescribed by law ; *provided, however,* that, after the expiration of three years and six months, the heir or the devisee may aliene, and the same shall not be liable for the debts of the deceased, in the hands of the purchaser thereof, or any other person. Dig. of 1844, p. 239. See Pub. Stat. R. I. cap. 189, §§ 1, 2, 13.

SEC. 9. Courts of probate shall have cognizance and jurisdiction over petitions of executors and administrators for authority and license to sell the lands, tenements and hereditaments of deceased persons, or growing wood, or stone, or peat, or coal thereon, to pay the debts of such deceased, the expense of their funerals, of supporting their families, and settling their estates, with incidental charges ; . . . . . ; to hear, examine into and grant the same, under such conditions and restrictions as are or shall be imposed by law, or by the court granting the same. . . . . . Dig. of 1844, p. 225. See Pub. Stat. R. I. cap. 179, §§ 10, 12.

SEC. 22. The municipal court of the city of Providence, is hereby declared to be a probate court within said city ; and shall have and execute all the powers conferred, and be subject to all the duties imposed by this act, or which hereafter may be conferred or imposed by any act on courts of probate in this state. Dig. of 1844, p. 229. See Pub. Stat. R. I. cap. 179, § 2.